FIDELITY NATIONAL BANK & TRUST CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17708.   Promulgated December 21, 1928.

*Justin D. Bowersock, Esq.*, for the petitioner.
*Phillip M. Clark, Esq.*, for the respondent.

906

OPINION.

MORRIS: This proceeding in its last analysis presents but one issue, namely, whether petitioner sustained a loss within the meaning of the taxing statutes by the sale of certain securities to one of its subsidiaries. The cost and sale price of these securities are not in question, but only the legal significance flowing from the transaction under the applicable provisions of the Revenue Act of 1918. It is admittedly true that the Fidelity Trust, and later the petitioner, were affiliated with the Concordia Loan & Trust Co. during the first five months of 1919, and it is also true that for the remaining seven months of 1919 the Concordia Loan & Trust Co. was not affiliated with either of the aforementioned companies.

The sale which gives rise to the question of loss occurred in February, 1919, while the affiliated status existed and respondent holds that under these circumstances the transaction must be considered one between affiliated companies with neither loss nor gain resulting. It is our opinion that in this determination the respondent is correct, and that this is true regardless of the fact that subsequently and during the same calendar year the affiliated status was dissolved.

This principle has been before the Board and has been decided adversely to the contention of the petitioner in a number of cases. In *Gould Coupler Co.*, 5 B. T. A. 499, we distinctly stated that during the continuance of the affiliated status, intercompany obligations and transactions would be disregarded for the purpose of computing the consolidated income and tax liability. See also *Farmers Deposit National Bank*, 5 B. T. A. 520; *Interurban Construction Co.*, 5 B. T. A. 529; and *H. S. Crocker Co.*, 5 B. T. A. 537. The question presented in the above cited cases was whether a gain or loss resulted from dealing in the stock of its subsidiary by the parent company, and we held in each case that neither gain nor loss resulted. The doctrine laid down in these cases, in our opinion, applies with equal force to the present set of facts.

*Judgment will be entered for the respondent.*